UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TERRANCE TURNER, | Case No. 3:24-cv-00795-AR |
| Plaintiff, | **ORDER TO AMEND** |
| v. | |
| UNITED STATES PATENT AND TRADEMARK OFFICE, and TRADEMARK PIONEER, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Terrance Turner, representing himself, brings claims against defendants the U.S. Patent and Trademark Office (USPTO) and Trademark Pioneer.[1] Turner also filed an application to proceed *in forma pauperis*, which is pending. (ECF No. 2).

As explained below, Turner's complaint is deficient in many respects. For this action to proceed, Turner must file an amended complaint correcting the deficiencies explained in this Order.

## BACKGROUND

Turner alleges that he is attempting to bring this lawsuit on behalf of Henry Russo, who uses the name Sage Canniblisshum, and resides in Eugene, Oregon. (Compl. at 12.) According to Turner, Russo is attempting to start and manage a business and has been unable to resolve his conflict with Trademark Pioneer through communication. Turner asserts that Russo paid $10,000 for services from Trademark Pioneer and has not received the requested services. He believes that Trademark Pioneer is based in Texas and is attempting to evade lawsuits and law enforcement by not providing a physical address on its website. (Compl. at 4,)

Turner also alleges the USPTO is colluding with Trademark Pioneer and with nation state terrorists and actors to violate the Computer Fraud and Abuse Act, U.S. Patriot Act I and II, and the Military Commissions Act. (Compl. at 12.) Turner alleges that the government offices are

---

[1] Although not named in the caption, Turner also lists the U.S. Department of Justice, Federal Trade Commission, Securities and Exchange Commission, Internal Revenue Service Whistleblower Office, ICE, USSOCOM, FBI, CIA, Secret Service, DHS, BATF, and NSA as defendants on page two of his complaint. (Compl. at 2, ECF No. 1.)

colluding with the private companies to encourage and commit fraud, and that the USPTO causes delay and wrongly takes money from customers. (Compl. at 15.) The USPTO has a fraudulent investigation practice, Turner alleges, and receives secret payments. (Compl. at 4.)

Turner seeks $1 million in damages as a "general complaint and penalty" for collusion. Turner provides a Virginia address for himself and that the addresses of Trademark Pioneer and the USPTO are unknown.

## LEGAL STANDARD

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperi*s raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). The court construes the pleadings of self-represented plaintiffs liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to

amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)).

## DISCUSSION

A.   *Sufficiency of Complaint*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a **short and plain statement of the claim showing that the pleader is entitled to relief**." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

As currently alleged, Turner's complaint does not satisfy Rule 8. Turner has not identified a cause of action. Although Turner alleges that Russo requested services from Trademark Pioneer, he does not identify what the services were, when they were requested, or how Trademark Pioneer fell short of expectations. Turner lists numerous federal statutes, but he does not identify enough facts describing how the USPTO or Trademark Pioneer violated any particular statute or when such conduct occurred. He also does not explain how his $1 million in damages are alleged to have resulted from any defendants' actions or inactions. In its current form, Turner's complaint does not allege sufficient facts to comply with Rule 8. *See McKeever v.*

Page  4  – ORDER TO AMEND

*Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them").

The **allegations are without enough factual detail to see that there is a basis for Turner's legal claims against defendants.** In his amended complaint, Turner **must identify and label his claim against each defendant and describe the factual circumstances supporting his claim** so that the court can tell that the alleged claims are at least plausible.

**B.**     *Lack of Personal Jurisdiction*

Personal jurisdiction refers to the court's power to render a judgment that will be enforceable against a defendant. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 609-10 (1990). Whether this court has personal jurisdiction over a defendant is determined by looking to the law of the forum state. *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1246 (9th Cir. 1984); *see* FED. R. CIV. P. 4(k)(1)(A). Under Oregon's "long-arm" statute, a court in this state may exercise personal jurisdiction over an out-of-state defendant in specific fact situations, or when the exercise of jurisdiction over the defendant is not inconsistent with the Due Process Clause of the Constitution of the United States. *See* OR. R. CIV. P. 4(L). To safeguard standards of "fair play and substantial justice," the Due Process Clause requires an out-of-state defendant to have at least "minimum contacts" with the forum state before a court may exercise personal jurisdiction over that defendant. *Hunt*, 728 F.2d at 1246 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Ninth Circuit has adopted a three-part test to determine when a defendant has established minimum contacts with the forum state:

> (1) The nonresident defendant must "purposefully direct" [its] activities toward the forum state or consummate some transaction with the forum by which [it] purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

Case 3:24-cv-00795-AR    Document 4    Filed 05/22/24    Page 6 of 9

> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Turner's complaint fails to allege that this court has personal jurisdiction over Trademark Pioneer. Turner suggests that Pioneer resides in Texas, and he fails to allege what actions or connections Trademark Pioneer had with Oregon. Should Turner choose to file an amended complaint, he must allege facts showing that Trademark Pioneer conducted sufficient activities within Oregon to support exercising specific jurisdiction over it.

**C.    Venue**

A federal district court also may not decide the merits of a lawsuit if the court is not a proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue of civil actions is governed by the general federal venue statute, 29 U.S.C. § 1391. *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1140 (9th Cir. 2022). Under that statute, a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

29 U.S.C. § 1391(b).

Page  6  – ORDER TO AMEND

Turner alleges no facts to show that a "substantial part" of the events that form the basis of this lawsuit occurred in Oregon. Should Turner choose to file an amended complaint, he must allege sufficient facts so that the court can assess if Oregon is the proper venue.

**D.     Additional Concerns**

Turner also appears to be asserting claims on behalf of Russo, who he contends failed to receive requested services from Trademark Pioneer. (Compl. at 12.) Although litigants may represent themselves in federal court, they may not assert rights on behalf of others. 28 U.S.C. § 1654; *see also C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("[a]lthough a non-attorney may appear in propria persona in his own behalf . . . [h]e has no authority to appear as an attorney for others than himself") (citations omitted). In general, "a third-party does not having standing to bring a claim asserting a violation of someone else's rights." *Martin v. Cal. Dep't of Veterans Affs.*, 560 F.3d 1042, 1050 (9th Cir. 2009) (citing *Powers v. Ohio*, 499 U.S. 400, 410 (1991)). That rule exists to avoid "the adjudication of rights which those not before the [c]ourt may not wish to assert, and [to ensure] that the most effective advocate of the rights at issue is present to champion them." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 15 n.7 (2004), *abrogated on other grounds by Lexmark.Int'! Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014) (simplified). That rule applies even when the plaintiff and the third party experienced the same alleged illegal act or violation. Thus, even if Turner and Russo are victims of the same fraudulent scheme and collusion by defendants, that does not permit him to bring claims for Russo.

In his materials, Turner provides a bar number of "FEDERAL BAR ASSOCIATION CIA FBI BAR 431170989," yet he does furnish a bar number or represent that he is licensed to

practice law in any state or federal jurisdiction or court. *See* OR. REV. STAT. § 9.160 ("a person may not practice law in this state, or represent that the person is qualified to practice law in this state, unless the person is an active member of the Oregon State Bar"); *Or. State Bar v. Taub*, 190 Or. App. 280, 284-85 (2003), r*ev. denied*, 336 Or. 534 (2004) (providing unauthorized practice of law includes exercising "independent judgment or discretion" in selecting and recommending the "forms provided to [individuals], select[ing] the precise terms and information included in the documents, or provid[ing] advice regarding the [individual's] problems or the legal consequences of filing particular documents"). If Turner is not licensed to practice law, he may not bring claims on behalf of Russo. That reason alone may subject his claims to dismissal. *See Turner v. Argo Grp.*, Case No. 23-cv-03542-TSH, 2023 WL 6933501 , * 1-4 (N.D. Cal. Aug. 28), *adopted by* 2023 WL 6932571 (N.D. Cal. Sept. 15, 2023) (dismissing plaintiffs lawsuit, with prejudice, in part because he was pursuing claims on behalf of a third party and "gave no indication [he] is a licensed attorney, either in California or any other State"). If Turner chooses to file an amended complaint, he may assert claims on his own behalf, or establish that he is licensed to practice law to assert claims on Russo's behalf. Failure to do so could result in dismissal of this lawsuit.

## CONCLUSION

For Turner to proceed further, he must file an **AMENDED COMPLAINT** that provides enough factual detail to support his claims as required by Federal Rule of Civil Procedure 8(a)(2).that this court has personal jurisdiction over defendants and is the correct venue. Additionally, Turner is advised that if he is not a licensed attorney, he may not pursue claims on behalf of others. Turner must file an amended complaint within 30 days of the date of this

ORDER—which is **June 24, 2024**. Failure to respond to this Order by June 24, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Turner's application for IFP status.

    DATED: May 22, 2024.

                                                      JEFF ARMISTEAD
                                           United States Magistrate Judge